Pleading and practice; reconsideration or relief from judgment; timeliness of motion. — On March 28, 1980 the court entered the following order:
Before Davis, Judge, Presiding, Nichols and Kashiwa, Judges.
This is a suit for military disability retirement pay, brought in 1963 and decided adversely to plaintiff on January 24, 1969. Thompson v. United States, 186 Ct. Cl. 615, 405 F.2d 1239, cert. denied, 400 U.S. 918 (1970). A motion for reconsideration was denied on April 11, 1969, and a petition for certiorari was denied by the Supreme Court on Nov. 17,1970,400 U.S. 918. On February 5,1980— more than eleven years after this court’s initial decision— plaintiff filed this "Motion for Reconsideration By the Court on the Grounds of Perjury by Expert Medical Witness *681 for the Defense; Newly Discovered Evidence; Failure by the Court to Apply the Disability Retirement Laws to the True Facts in this case.” The motion asserts that (1) a medical expert at the trial committed perjury; (2) the trial judge and the court were unaware of plaintiffs performance ratings while on active duty; and (3) the court misapplied the law relating to military disability.
Plaintiffs motion is far out of time under Rule 152(b). That rule requires that a motion for relief on the ground of newly discovered evidence, or of fraud or misconduct of an adverse party, shall be made not more than one year after the judgment. Here, the motion comes more than eleven years after the judgment. Rule 152(b) also provides that motions on the other grounds specified in the rule "shall be made within a reasonable time.” In the absence of any adequate explanation for the extreme delay, we cannot hold that eleven years constitutes a "reasonable time.”
Moreover, there is no basis whatéver, in the materials supplied to us, for thinking that the defendant’s expert medical witness committed perjury; that others may disagree with his medical opinions does not suggest perjury or false swearing but merely a difference of opinion. As for the assumed lack of knowledge of plaintiffs performance evaluations,[1] there is no reason to believe that these records were unavailable or could not have been discovered with due diligence. The record contains evidence to similar effect (see 186 Ct. Cl. at 615, 618-19, 625), and we are given no sufficient explanation why the materials now mentioned could not have been produced and relied upon.
It is clear, .therefore, that Rule 152(b) cannot be properly invoked at this time to reopen this old and stale case.
Without oral argument but on consideration of the written submissions, plaintiffs motion for reconsideration, etc. is denied.

 This part of the current motion is a repetition of an earlier, similar motion filed by plaintiff in the first part of 1970.